Argued and submitted July 27, 2006, affirmed February 14, 2007

Catherine STAUFFER,
*Respondent,*

*v.*

OREGON CITIZEN'S ALLIANCE
EDUCATIONAL FOUNDATION,
an Oregon non-profit corporation;
Lon Mabon,
individually and as an officer or agent of
Oregon Citizen's Alliance Educational Foundation;
Bonnie Mabon,
individually and as an officer or agent of
Oregon Citizen's Alliance Educational Foundation;
Opal Van Kommer Foundation;
United States Citizen's Alliance,
an Oregon non-profit corporation;
Yes on 9 Committee,
an Oregon political action committee;
BJM Technical Support,
a for profit entity;
and Oregon Citizen's Alliance PAC, Inc.,
an Oregon political action committee,
*Appellants,*

*and*

Don ROGERS,
*Defendant.*

0010-10557; A123221

153 P3d 138

James E. Leuenberger argued the cause and filed the brief for appellants.

Mark Johnson argued the cause for respondent. With him on the brief were Camaron Vallepalli and Johnson Renshaw & Lechman-Su PC.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendants Oregon Citizen's Alliance Educational Foundation, Lon Mabon, Bonnie Mabon, Opal Van Kommer Foundation, United States Citizen's Alliance, Yes on 9 Committee, BJM Technical Support, and Oregon Citizen's Alliance PAC, Inc. (defendants) appeal the trial court's entry of a money judgment against them following an order of default. ORCP 69 B(2). On appeal, defendants make two assignments of error. First, they argue that they were denied due process of law when the trial court struck their pleadings for discovery violations that had been cured. Second, they argue that "no evidence supports a finding that plaintiff was damaged by defendants." We affirm.

In 1992, plaintiff obtained a money judgment against other related defendants in an action in Multnomah County Circuit Court. In October 2000, plaintiff filed the instant case, alleging that defendants had fraudulently transferred assets in order to avoid paying the earlier judgment. The trial court found that plaintiff filed a request for production of documents on February 23, 2001, and that defendants failed to provide documents in response or otherwise respond to this request, and failed to appear for their scheduled depositions. Plaintiff, on August 14, 2001, filed a motion to compel production and for sanctions, and a hearing on the motion was held on August 20, 2001, at which defendants were present. The trial court granted the motion to compel and orally ordered defendants to produce the discovery documents on August 27, 2001, and to appear for depositions on August 31, 2001. The dates and times were set in part according to defendants' wishes. A written order compelling discovery was signed on March 22, 2002, *nunc pro tunc* to August 20, 2001.

On September 4, 2001, plaintiff filed a motion to strike defendants' pleadings, to hold defendants in contempt of court, and for other sanctions. The motion alleged that defendant Lon Mabon had telephoned plaintiff's counsel on the morning of August 27, 2001, and stated that he would not provide discovery and would not appear for depositions on August 31, and that he acknowledged that he knew he was defying the court's order.

The trial court held a hearing on plaintiff's motion on September 6, 2001, at which defendants failed to appear. The trial court made the following record:

"THE COURT:   I already noted on the record that I asked the judicial assistant to call the Mabons in regard to their not being here.

"Would you go ahead and report the substance of that conversation?

"THE JUDICIAL ASSISTANT:   Sure. I spoke with Lon Mabon. He identified himself. I asked why he wasn't present for the hearing set for 10:30 this morning.

"And he said that he questioned the jurisdiction, that that has not been addressed, the jurisdiction of the Court. And he questions the validity of [the trial court judge] in his position and the validity of the oath he has taken.

"And that was his reply."

Thereafter, plaintiff asked the trial court to find that defendants had shown bad faith and willfulness and that the sanction of striking their pleadings was appropriate under *Pamplin v. Victoria*, 319 Or 429, 877 P2d 1196 (1994). The trial court ruled:

"In terms of sanctions, striking pleadings, the cases tell us[,] is a sanction that should be administered in the most serious case situations, egregious failures to comply with the order to compel. This is all set in the discovery situation.

"And here we have a trial date coming up next month, the middle of next month. And I accept counsel's representation that there has been no discovery to this point. There certainly isn't any indication of it in the file. And from our past hearing, there wasn't any indication by [defendants' former counsel] or the Mabons that anything had been done.

"An aggravating factor here is the relationship to the trial date, the fact that the defendants are failing to appear today to state their case, and indicating at least on the telephone they have no intention to appear or follow through.

"And I don't think there is any alternative but to impose the sanction of striking the pleadings."

The trial court's written order granting the motion to strike defendants' pleadings was signed and entered on September 20, 2001.[1] That same day, defendants filed a notice of removal of the case to federal district court. The case was later returned from federal court to the trial court. After undergoing contempt proceedings, defendants eventually produced the discovery documents and were deposed in March 2002. The order striking the pleadings was amended by the trial court on June 14, 2002, to strike "all past, present and future pleadings."[2] Apparently, on September 24, 2002, plaintiff moved for an order of default, a motion that is reflected in an order of March 27, 2003. In that order, the trial court ruled that:

> "In response to plaintiff's motion for default judgment, defendants effectively ask the court to vacate the order striking defendants' pleadings. While it is true that defendants Lon Mabon and Bonnie Mabon agreed to be deposed and, in fact, were deposed, that action did not happen in a vacuum. It must be considered in the context then existing. Defendants' failure to comply had been unlawful and contemptuous. It was so egregious in the circumstances that the sanction of incarceration was imposed. The participation in depositions in this case was clearly calculated to obviate the basis for a continuing incarceration sanction in the old case. This is not the case of the contemnors voluntarily and in a timely manner correcting their behavior and then asking in good faith for some consideration for the change in behavior. The time and cost to plaintiff in delay and the obstruction of the orderly conduct of the court's business remain. There is no reason to believe that but for the incarceration sanction in the 1991 case defendants would have complied.

> "There is no compelling reason to vacate the order striking defendants' pleadings."

A money judgment against defendants was entered on November 7, 2003, and this appeal followed.

---

[1] The order also required defendants to attend a show cause hearing regarding contempt of court on September 19, 2001. The hearing did not occur.

[2] The order was again amended on July 16, 2002, to change a date.

■    In their first assignment of error, defendants argue that they were denied due process of law when their pleadings were struck for a discovery violation that had been cured. Defendants assert that,

"in light of the fact that no defendant was given an adequate opportunity to respond to plaintiff's motion to strike pleadings and no defendant other than Lon Mabon was even given notice of plaintiff's motion, due process requires that respondents be given an opportunity to respond to plaintiff's motion."

In their pleading in opposition to plaintiff's motion for a judgment of default, however, defendants argued that

"Normally, the sanction of striking pleadings is imposed for discovery violations that cannot be remedied, such as when discovery orders have been disobeyed up to the scheduled day of trial. It is rare, if not unprecedented, for this sanction to be imposed after the complained of discovery violation has been fully remedied, as it has been in this case. Defendants assert that this sanction violates defendants' right to due process of law protected by the Fifth and Fourteenth Amendments to the United States Constitution."

     The above argument is different from the argument that defendants make on appeal regarding notice and the opportunity to respond to plaintiff's motion to strike defendants' pleadings. Because the issue raised by defendants' argument is not preserved, we decline to consider it. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court[.]"). Moreover, defendants cite no persuasive authority that would indicate a due process violation in light of the above circumstances, particularly when defendants continually refused to provide discovery or participate in depositions. Additionally, defendants do not argue that they did not hear or understand the court's order at the August 20, 2001, hearing, or that they were unable to comply with it. In light of all of the above circumstances, we reject defendants' first assignment of error.

■    In their second assignment of error, defendants argue that no evidence supports a finding that plaintiff was

damaged by their actions because "plaintiff had not pre-sented an adequate *prima facie* case to support default judg-ment and because plaintiff had not plead [*sic*] or proved money damages." Defendants posit that plaintiff was required to prove that defendants had a duty to voluntarily pay plaintiff under the original judgment and, though "[p]laintiff established that money and property moved between defendants from 1992 through 2000 * * *[, she] offered no evidence that transfers of money or property dam-aged her in any way." Accordingly, defendants conclude that the money judgment imposed against them is unsupported by any evidence.

Plaintiff's action was brought pursuant to ORS 95.230 and ORS 95.240. ORCP 69 B(2), which applies to entry of default judgments in cases other than those "aris[ing] upon contract," provides, in part:

"[T]he party seeking judgment must apply to the court for judgment by default. * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing, or make an order of reference, or order that issues be tried by a jury, as it deems necessary and proper. The court may determine the truth of any mat-ter upon *affidavits* or *declarations*."

(Emphasis added.) ORCP 69 B(3) provides:

"The judgment entered shall be for the amount due as shown by the affidavit or declaration, and may include costs and disbursements and attorney fees entered pursuant to Rule 68."

Although defendants' statement in their assignment of error on appeal is straightforward, our review of how the parties briefed the issue and of the underlying record results in the issue becoming more complicated. Despite their assignment of error that appears to challenge the sufficiency of the evidence offered by plaintiff in support of its judgment, defendants observe in their brief that "[t]his court can freely review plaintiff's amended complaint for a showing she plead [*sic*] she had been damaged by defendants." Apparently, in

response to that invitation, plaintiff's brief on appeal does not refer to any evidence she produced in the trial court, but to the allegations in her complaint.

Moreover, the issue is complicated by the fact that the trial court held an evidentiary hearing in November 2002 during which plaintiff purported to put on a *prima facie* case. At that hearing, defendants initially objected to the court hearing testimony from witnesses. Later in the hearing, plaintiff was called as a witness. Defendants did not cross-examine on the issue of whether plaintiff was damaged by their transfers of money or property. At the conclusion of that hearing, defendants' counsel argued to the court only that plaintiff could not obtain "a money judgment for an equitable remedy." The trial court took the matter under advisement. However, no judgment was entered at that time.

In September 2003, the parties appeared before the trial court again, ostensibly on plaintiff's motion to supplement her complaint regarding a number of alleged transfers by defendant after the amended complaint had been filed. In response, defendants' counsel argued, in part:

> "In order to establish money damages, which is what the judgment purports to seek or award, * * * there would have to be a showing, both by pleading and by proof, that money or property was—was actually—that should have been obtained via writ of execution or garnishment was not obtained because of the transfers."

Plaintiff's counsel responded, in part, "it's a moot issue. As the court recalls and as your order reflects, there was a hearing held on November 1st. That was, in effect, the *prima facie* hearing." Plaintiff's counsel also offered to submit additional affidavits if the trial court desired. As the hearing proceeded, the trial court inquired about defendants' failure to challenge the adequacy of the pleadings at an earlier time. It also observed that, "[i]n the *prima facie* hearing, [plaintiff] testified about the amounts of the judgments in the original case, the 1991 case, but did not say anything about the—testify anything about the transfers, but did testify about amounts that she had received by various avenues[.]" Ultimately, the court ruled,

"where a defendant * * * doesn't appear in any form and that the pleadings are stricken, past and future pleadings, we have a situation where in assessing the judgment, when there's a basis for a judgment, and that the facts and the pleadings are deemed unchallenged.

"And while the—I don't think there's a need and the rule says that you may have a hearing, the plaintiff in this case went ahead with a hearing and put certain matters in the record. It seems to me, that based on the pleadings, the plaintiff's pleadings, which I take as true, * * * supplemented by the so-called *prima facie* hearing, * * * that there is a basis for a judgment[.]"

The money judgment entered by the trial court provides:

"Pursuant to the Opinion and Order for Default and Order Pursuant to ORS 18.410 Determining Amounts Owed on Judgments entered in Case No. 9111-07218 * * * plaintiff shall be entitled to have judgment against all of the defendants by default as prayed for in her Amended Complaint, except that those claims for relief seeking 'economic damages in the amount of $36,000, together with statutory interest from the date of the fraudulent transfer', the Eighth, Ninth, Tenth, Eleventh, Twelfth, and Sixteenth Claims for Relief, are limited to the net amount of the unsatisfied portion of the Judgment entered in *Stauffer v. US OCA et al*, Case No. 9111-07218 * * *."

We turn back to defendants' assignment of error in light of the above record. ORCP 69 B(2) by its terms does not require the court to hold an evidentiary hearing. However, such a hearing was held in this case. Thereafter, in the exercise of its discretion under the rule, the trial court ruled that there was a basis for entry of a judgment based on a combination of factors, and despite its acknowledgment that plaintiff had not testified at the *prima facie* evidentiary hearing that defendants' transfers had resulted in her inability to recover on the earlier judgment, it held that plaintiff had otherwise demonstrated that she had been damaged by defendants' transfers.

We do not understand defendants to contend on appeal that the trial court could not consider the allegations

in plaintiff's amended complaint in assessing whether defendants' transfers had damaged plaintiff. Rather, defendants characterize the allegations as part of the evidence before the trial court, a characterization that we are hesitant to agree with. It is prudent therefore to describe what we do not decide in this case. Generally, pleadings do not constitute "evidence." Also, whether pleadings are "declarations" for purposes of ORCP 69 B(2) is not an issue that the parties have chosen to litigate on appeal. We are also mindful of the potential impact of ORCP 19 C in this case on struck pleadings.[3] In light of these understandings, and as a result of defendants' concession that we may review the sufficiency of plaintiff's pleadings to resolve their claim of error, we conclude that the sole question before us is whether plaintiff's amended complaint alleges facts from which it can be reasonably inferred that plaintiff was damaged by defendants' transfers. Thus, even though defendants couch the assignment of error in terms of the sufficiency of the evidence under ORCP 69 B(2), plaintiff's pleadings function as a substitute for evidence for purposes of this appeal.

We turn therefore to the allegations of plaintiff's amended complaint. Plaintiff's amended complaint asserts 16 claims for relief, including the allegations that she was a judgment creditor of Oregon Citizen's Alliance Educational Foundation and Oregon Citizen's Alliance PAC, that she was a creditor under ORS 95.200(4), and that neither judgment debtor had satisfied any portion of the judgment, resulting in economic damages of more than $36,000. The complaint details the relationships between all the defendants named in the complaint and the transfers of funds made between the defendants. It alleges that defendants Mabons' "improper conduct in exercising control over the defendant entities has rendered plaintiff unable to obtain an adequate remedy from the corporation for the damages she sustained and the judgment she has received for almost eight (8) years," and that

---

[3] ORCP 19 C provides:

"[a]llegations in a pleading to which a responsive pleading is required, *other than those as to the amount of damages*, are admitted when not denied in the responsive pleading. Allegations in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

(Emphasis added.)

"defendants have intentionally used the corporate form to violate or evade the duty owed to the plaintiff, causing an unjustified loss to the plaintiff." More specifically, in paragraphs 44 and 45 of plaintiff's amended complaint, plaintiff further alleges that defendants fraudulently transferred funds that "would have been available to partially satisfy the judgment plaintiff received against defendant OCA-Ed." We conclude that it is reasonable to infer from all of the above allegations that defendants' transfers resulted in plaintiff's inability to collect her judgment and that the trial court's award of damages is therefore supported by the evidence.

Affirmed.